IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Rebekah Elizabeth Weaver,<br>　　　　　　Debtor, | Case No.: 17-23929-CMB<br>Chapter 13<br>Docket Document No 139<br>Related to DD No.|
| Rebekah Elizabeth Weaver,<br>　　　　　　Movant, | Related to Claim No. 5<br>Hearing Response Deadline:<br>November 7, 2022 |
| v.<br>New Rez LLC d/b/a Shellpoint<br>Mortgage Servicing Company,<br>　　　　　　Respondent, | Hearing Date: December 13, 2022 10 AM |

**OBJECTION TO NOTICE OF MORTGAGE PAYMENT CHANGE**

AND NOW the Debtor Rebekah Elizabeth Weaver, through attorney David A. Colecchia, Esq., who files the within objection to the Respondent's October 7, 2022 Notice of Mortgage Payment Change. In support of said Objection, the Debtor avers the following:

1) On October 7, 2022 the Respondent filed a notice of mortgage payment change to increase the escrow payment by approximately $131.97 per month, effective November 2022.

2) The escrow analysis for this Notice claims a current negative escrow balance of -$791.27, and a projected escrow shortage of -$1,431.72.

3) This Notice also indicates an increase in hazard insurance of $173 per year.

4) Notably, last year Shellpoint filed another Notice of Mortgage Payment change, dated 9/21/2021.

5) The debtor successfully objected to that Notice based on the lack of explanation or documentation for the insurance increase, based on an escrow increase despite showing an escrow surplus, and because the notice was claiming an escrow deficit at the time of

filing. See docket document no. 100.

6) That Objection was granted by default when Shellpoint failed to respond.

7) As part of the Order granting that Objection, Shellpoint was directed to recalculate the proper amount of escrow and re-file its notice. See Docket Document No. 104.

8) Shellpoint never re-filed that notice.

9) The current escrow analysis shows a number of apparent errors or inconsistencies, as follows:

   a. The current analysis still does not explain or provide documentation for the increase in hazard insurance costs.

   b. The current analysis appears to incorporate payments from the Prior notice, which was successfully objected to and never re-filed despite a court order directing a re-filing.

   c. Whereas the prior notice showed a projected surplus of $1,366.48, based in part on a projected payment of $4,028.28, the current notice show shows a projected deficiency of -$1,431.72, even with a projected payment of $746.52. The notice does not explain this discrepancy, especially when the prior objected to Notice only provided for a payment increase of $32 per month.

   d. The escrow analysis claims no payments to escrow for January, February, May, July, August, and September 2022, despite the Chapter 13 Trustee making dispersals for each of those months. Assuming these payments were cashed, this implies those payments were placed into an undisclosed suspense account and escrow payments were

placed in said suspense.

10) Taken together, the Debtor has very substantial concerns as to the accuracy of the escrow analysis.

11) These concerns are amplified by Shellpoint's failure to either respond to Debtor's prior Objection to the notice, or to recalculate and refile a notice despite receiving the order to do so.

12) Based on this, the Debtor believes it is critical for Shellpoint to provide a full history of the loan during the pendency of the bankruptcy including possible suspense accounts, as well as copies of documentation concerning the increase in hazard insurance, so the Debtor can determine the actual accuracy of the escrow analysis.

13) The debtor also believes that, given the apparent inaccuracies of the escrow analysis, this Notice should be denied without prejudice to re-filing once a full loan history and insurance documentation are provided and the analysis re-conducted.

14) Given these circumstances, the Debtor believes the Respondent Shellpoint also should not be allowed to charge the Debtor for any fees or costs in responding to this Objection.

WHEREFORE, the Debtor respectfully requests this Honorable Court deny the

Respondent's October 7, 2022 notice of mortgage payment change.

October 21, 2022                                         Respectfully Submitted,

/s/David A. Colecchia
David A. Colecchia, Esquire
PA.I.D.No. 71830
David A. Colecchia and Associates
LAW CARE
324 South Maple Ave.
Greensburg, PA 15601
(724)-837-2320
(724)-837-0602
colecchia542@comcast